12-43-cr
*United States v. Monroe*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges*,
            DAVID G. LARIMER,
                    *District Judge.*\*

————————————————————————

UNITED STATES OF AMERICA,

                    *Appellee*,

        -v.-                                    12-43-cr

COREY CAIN,

                    *Defendant*,

TERENCE MONROE,

                    *Defendant-Appellant.*

————————————————————————

————

\* The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

FOR APPELLEE:         Katherine Polk Failla, Brendan R. McGuire, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

FOR APPELLANT:        Michael Hueston, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Defendant-Appellant Terence Monroe ("Monroe") appeals from a December 13, 2011 judgment of the United States District Court for the Southern District of New York (Wood, *J.*) revoking Monroe's supervised release and sentencing him to nine months' imprisonment and four years' supervised release. The district court found by a preponderance of the evidence that Monroe had violated three specifications of his supervised release: (1) using a controlled substance, (2) leaving a halfway house without permission, and (3) failing to attend court-ordered counseling sessions. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the

2

decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's finding of a violation of supervised release for an abuse of discretion and the court's factual findings for clear error. *See United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). Monroe challenges the district court's ruling on two grounds. First, Monroe argues that the court made clear factual errors in determining that he had violated the terms of his supervised release. With respect to the first specification, Monroe contends that the government failed to show that Monroe had used marijuana since his previous court date on October 18, 2011. This argument fails because the exact timing of the violation is irrelevant as the government showed that the violation occurred as charged "[o]n or before October 26, 2011." Moreover, at the district court's hearing, Monroe explicitly admitted to using marijuana while on supervised release.

With respect to the second specification, Monroe testified at the hearing that he was told to leave the halfway house after a verbal altercation over smoking

3

cigarettes.  The district court reasonably credited the testimony of Probation Officer Elisha Rivera ("Rivera") that Monroe had not been discharged at the time he left the halfway house.  "We accord strong deference to a district court's credibility determinations, particularly where that court based its findings on such determinations."  *Carlton*, 442 F.3d at 811 (citation omitted).  The court also credited Rivera's testimony regarding the third violation—Monroe's failure to attend counseling sessions.  Rivera testified that she checked in with Monroe's counselor after each scheduled session to verify his attendance and that he had "missed most of the sessions, if not all" since early November 2011.

Second, Monroe argues that his sentence was unreasonable.  The district court has "broad discretion" to sentence a defendant for a violation of supervised release and is guided by "non-binding policy statements" found in Chapter Seven of the United States Sentencing Guidelines Manual.  *See United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997).  The district court here had discretion to sentence Monroe for a term of up to five years in prison because Monroe's underlying conviction was a Class A Felony (conspiracy to distribute at least fifty grams of cocaine

4

base).  18 U.S.C. § 3583(e)(3) (2008).  After conducting a thorough hearing, the district court imposed the sentence recommended by the United States Probation Office of nine months' imprisonment, which falls within Chapter Seven's specified range of three to nine months, U.S.S.G. § 7B1.4(a), and four years' supervised release.  This sentence is neither procedurally nor substantively unreasonable in light of the court's well-supported findings.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk